IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| BURLY GRIMES, | ) | Cause No. CV 07-75-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden of Montana | ) | |
| State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On November 21, 2007, Petitioner Burly Grimes moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254.  He also filed motions for the appointment of counsel and for an evidentiary hearing.  Petitioner is a state prisoner proceeding pro se.

**I. Motion to Proceed In Forma Pauperis**

After reviewing Petitioner's motion and supporting account statement, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

**II. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

### III. Petitioner's Allegations

Petitioner asserts that a twenty-five year parole restriction, which was imposed against him at the time of his sentencing in 1997, is illegal under state law. See Pet. at 2; Pet. Ex. A (Order Imposing Sentence and Judgment) at 4.

On February 21, 2007, the Montana Supreme Court denied Petitioner's state petition for writ of habeas corpus, holding that the parole restriction is lawful under Montana law. See Pet. Ex. C (Order, Grimes v. McDonald, No. OP 07-0107 (Mont. Feb. 21, 2007)) at 3.

### IV. Analysis

Although the Petition is almost certainly time-barred, see 28 U.S.C. § 2244(d), it is clear beyond doubt that Petitioner is not entitled to relief on the merits. It is more efficient to dispose of the Petition on that basis.

Petitioner contends that the parole restriction violates his Fourteenth Amendment right to due process because, contrary to the Montana Supreme Court's decision, the restriction is unlawful under Montana law. "Petitioner asks that this Court remand back to the Montana Supreme Court instructing them to adhere to the plain meaning of the language in the Legislative House Bill # 79 of 1977 regarding statute § 46-18-202, MCA." Pet. at 13.

Petitioner asks the Court to set aside the Montana Supreme Court's interpretation of state statutory law and accept his interpretation instead. Such a request lies far beyond a federal court's authority. Neither this Court nor the United States Supreme Court may question the Montana Supreme Court's interpretation of Montana law. State law is what the Montana Supreme Court says it is. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). Where the state supreme court has itself rejected a petitioner's interpretation of state law, as the Montana Supreme Court did here, there is no federal recourse.[1]

The Petition must be denied. Petitioner's motions for counsel and an evidentiary hearing will also be denied.

**V. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

---

[1] Hicks v. Oklahoma, 447 U.S. 343 (1979), is not to the contrary. In Hicks, the Oklahoma Court of Criminal Appeals declared the statute under which Hicks was sentenced unconstitutional after Hicks was sentenced but before his direct appeal was heard. Hicks raised the issue on appeal, but the court decided that a jury would have imposed a 40-year sentence if it had been properly instructed that it had to impose a sentence of "not less than ten . . . years." The United States Supreme Court rejected the Oklahoma court's "frail conjecture" about what a properly instructed jury would do. It vacated the sentence because the court's decision deprived Hicks of his clear and undisputed state statutory right, which had previously been declared by the Oklahoma courts, to be sentenced by a jury. See Hicks, 447 U.S. at 345-46. There was no question that the mandatory 40-year sentence was unconstitutional under Oklahoma law, nor was there any question that Hicks was entitled to be sentenced by a jury. The Court did not "correct" any aspect of the Oklahoma court's interpretation of state law.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").  Any doubt as to whether a petitioner has met the standard is resolved in his favor.  Id.

### B. Discussion

Because it is impossible for a federal court to "correct" a state supreme court's interpretation of state law, there is no reason to encourage Petitioner to proceed further.  This case presents only an issue of the interpretation of state law.  There is no federal issue.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Petitioner's Motion to Proceed In Forma Pauperis (doc. 2) is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

2.  Petitioner's motions for the appointment of counsel and for an evidentiary hearing (docs. 3, 4) are DENIED.

The Court also enters the following:

### RECOMMENDATION

The Petition (doc. 1) should be DENIED because it rests solely on Petitioner's disagreement with the Montana Supreme Court about the proper interpretation of state law.  A certificate of

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately inform the Court of any change in his mailing address.

DATED this 3rd day of December, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge