**FILED**

JAN 0 9 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| BURLY GRIMES, | ) | CV 07-75-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, Warden of Montana State Prison, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

Burly Grimes filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the twenty-five-year parole restriction imposed against him at the time of his sentencing. On December 3, 2007, United States Magistrate Judge Keith Strong entered Findings and Recommendation, recommending denial of Grimes' petition and denial of a certificate of appealability. Grimes timely objected and therefore is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

Grimes argues the parole restriction imposed against him pursuant to Montana Code Annotated § 46-18-202 is illegal under Montana law. In rejecting Grimes' state petition for writ of

habeas corpus, the Montana Supreme Court determined the parole restriction was lawful under the statute. Grimes contends the Montana Supreme Court's interpretation of the statute was in error because it did not interpret the statute in accordance with its plain meaning or its legislative history. As Judge Strong correctly determined, however, a federal court may not reexamine state-court determinations regarding the interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because the Montana Supreme Court rejected Grimes' proffered interpretation of Montana law, Grimes has no federal habeas corpus remedy.

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation are adopted in full. Grimes' petition for writ of habeas corpus is DENIED. A Certificate of Appealability is DENIED.

Dated this 9th day of January, 2008.

Donald W. Molloy, Chief Judge
United States District Court